IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                                                Civ. No. 09-951 BB/ACT

**MOORE & MOORE, INC., and CLAYTON RANCH
MARKET, INC., d/b/a CLAYTON RANCH MARKET,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of a motion and renewed motion for partial summary judgment filed by Defendants (Docs. 7, 14).  Having reviewed the submissions of the parties, the record in this case, and the relevant law, the Court finds that the motions should be denied.

    **Merits of the Motion**

This is a case brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-117.  Defendants have moved for partial summary judgment on the ground that Plaintiff failed to engage in good-faith conciliation efforts before filing this lawsuit.  Plaintiff is required by statute to attempt to settle claims such as this one out of court, prior to initiating litigation.  42 U.S.C. §2000e-5(f)(1) (Title VII conciliation requirement); 42 U.S.C. § 12117 (incorporating § 2000e-5 into ADA); *E.E.O.C. v. Agro Distrib., LLC,* 555 F.3d 462 (5th Cir. 2009) (applying conciliation requirement in ADA case).  Defendants maintain Plaintiff prematurely cut off negotiations and declared the conciliation process at an end after only one exchange of an offer and a counter-offer.  They argue Plaintiff's actions fall short of the requirements of the statutory conciliation mandate.  As Defendants acknowledge, in the Tenth Circuit the remedy in a situation such as this is to stay the case and order the parties to engage in

further conciliation efforts.  *See E.E.O.C. v. Prudential Fed. Sav. and Loan Ass'n*, 763 F.2d 1166, 1169 (10th Cir. 1985) (where EEOC has engaged in a sufficient but limited effort to conciliate a matter, proper course is for district court to stay the proceedings to allow further conciliation efforts).  The specific relief requested by Defendants is that Plaintiff be ordered to either conduct a face-to-face conciliation meeting with Defendants, or engage in court-supervised mediation with Defendants.  [Doc. 8, p.13]

For its part, Plaintiff has pronounced itself ready and willing to participate in court-supervised mediation, "the very relief requested by Defendants." [Doc. 13, p. 1, n. 2]  The parties have made the presiding Magistrate Judge aware of Defendants' desire for such court-supervised efforts to settle the matter expeditiously.  [Doc. 19, p. 10]  Responding to that request, the Magistrate Judge has scheduled a settlement conference for May 25, 2010, and has established procedural deadlines that, with a few exceptions, fall well after the date of the settlement conference.  [Docs. 21, 22]  Thus, Defendants have obtained the relief they sought in their motion, and in fact have obtained all the relief they are entitled to under Tenth Circuit precedent.[1]  Defendants' motion is therefore moot and will be denied on that basis.  *See, e.g., Neely v. Ortiz*, 241 Fed.Appx. 474 (10th Cir. 2007, unpublished) (request for injunctive relief ordering that prisoner be given Interferon treatments was moot, because prisoner had begun to receive such treatments and district court could no longer grant any effective relief).

**Request for Attorney's Fees and Costs**

In the concluding paragraph of their memorandum, Defendants have included a cursory request that the Court award them the attorney's fees and costs they incurred in filing this

---

[1]The establishment of mainly post-settlement-conference case-management deadlines appears to obviate the need for a stay of proceedings pending the mediation effort.  Should the parties believe otherwise, the Court will entertain a request for a formal stay of the case that will remain in effect until the settlement conference has been held.

motion.  This request is not supported by an argument or citation to authority, and will be denied on that basis.  *See United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996) (argument is waived where a party mentions a point in passing but fails to make any argument or cite any authority to support his assertion), reh'g granted in part on other grounds, 88 F.3d 897 (10th Cir.1996).

      The Court notes that if the issue had been properly argued, the Court would have rejected the request for fees and costs in any event.  Courts awarding attorney's fees in failure-to-conciliate cases such as this one appear to have relied on two distinct sources of authority for making such an award.  Where cases have been dismissed due to a lack of adequate conciliation, courts have awarded fees and costs under the "prevailing party" provision of Title VII, which is virtually identical to the same provision in the ADA.  *See* 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 12205; *E.E.O.C. v. Pierce Packing Co.*, 669 F.2d 605, 609 (9th Cir. 1982).  Under this provision, a prevailing defendant may be awarded fees if the plaintiff's action was frivolous, unreasonable, or without foundation.  *See Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951-52 (11th Cir.1999) (applying this standard, which was established in Title VII actions, to ADA case).  The problem in our case of course is that at this point, there is no prevailing party.  The Tenth Circuit, unlike some circuits, has not approved the practice of dismissing cases due to inadequate conciliation efforts.  Without such a dismissal, Defendants cannot be considered a prevailing party, and § 12205 therefore provides no authority for an award of fees and costs.

      The Eleventh Circuit, while citing to *Pierce Packing Company* as authority, appears to have affirmed an award of fees and costs on the basis of a district court's inherent power to award sanctions.  *E.E.O.C. v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1261 (11th Cir. 2003).  The Eleventh Circuit stated that where Plaintiff has acted unreasonably in failing to properly conciliate a matter before filing suit, an award of attorney's fees is not an abuse of the district

court's discretion.  Under either the prevailing-defendant standard or the inherent-authority standard, therefore, the crucial question is whether Plaintiff acted unreasonably by filing suit when it did.

After reviewing the conciliation efforts made in this case, the Court cannot find Plaintiff's actions were unreasonable.  Plaintiff performed an investigation that included obtaining documents from Defendants, taking a statement from Defendant's manager, and allowing her an opportunity to correct that statement.  [Doc. 8, Exhs. C, E, G, H]  Plaintiff also sent a predetermination letter to Defendants outlining its findings on the issue of whether Defendants had failed to hire the claimant on the basis of his disability.  [*Id.* Exh. L]  Plaintiff then issued a determination and offered an opportunity for conciliation, outlining Plaintiff's claims for back pay, front pay, compensatory damages, and changes in Defendants' hiring procedures.  [*Id.* Exh. O]  Defendants responded by denying any wrongdoing, flatly rejecting any back-wage proposal and any compensatory damages, offering to hire the claimant, and offering to comply with most of the requested procedural changes.  [*Id.* Exh. P]  In response, Plaintiff quickly determined that conciliation had been unsuccessful and proceeded to file suit.  [*Id.* Exh. Q]  It may or may not be true that Plaintiff, by cutting off negotiations after only one offer-counteroffer exchange, failed to engage in sufficient conciliation efforts to satisfy the Tenth Circuit's requirements.  *See, e.g.*, *Marshall v. Sun Oil Co. of Pennsylvania*, 592 F.2d 563, 565-66 (10th Cir. 1979) (Congress intended that conciliation process be exhaustively pursued before formal litigation is pursued).  However, given Defendants' absolute refusal to consider any award of back pay or compensatory damages, and their absolute denial of any wrongdoing, it was not unreasonable for Plaintiff to conclude that further conciliation efforts would be a waste of time, at least as far as the individual claimant's ability to obtain damages was concerned.  While the claimant's potential right to compensation was not Plaintiff's only consideration in pursuing this matter, it was certainly an

4

important one. It was therefore not unreasonable for Plaintiff to terminate conciliation efforts at that point, even if further efforts might actually have produced some progress toward a resolution. *See, e.g., E.E.O.C. v. Trans States Airlines, Inc.*, 462 F.3d 987, 996 (8th Cir. 2006) (district court did not abuse its discretion in refusing to award attorney's fees, even though EEOC ignored its own deadline in declaring conciliation at an end, where there was no reasonable prospect of a settlement at that time).[2]

**Conclusion**

Based on the foregoing, Defendants' motion will be denied as moot, and their request for attorney's fees and costs will be denied as well.

### ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the motions for partial summary judgment filed by Defendants (Docs. 7, 14) be, and hereby are, DENIED.

Dated this 4th day of May, 2010.

*Bruce D. Black*
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

---

[2] The Court does not mean to suggest that Defendants were required to offer back pay or compensatory damages, or admit liability. The merits of the case remain to be decided. However, Plaintiff believed the claimant was entitled to monetary damages, Defendants firmly refused to offer any, and Plaintiff therefore did not act unreasonably in deciding further conciliation would not be fruitful.